# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
DC CLERK, FLORENCE S

2012 JUN 26  A 11: 57

| | |
|---|---|
| **NATHANIEL PARKER**  Petitioner | United States District Court  Criminal No. 00 – 315 - 01  Pennsylvania |
| vs. | |
| **UNITED STATES Of AMERICA**  Respondent | United States District Court J.  R. Bryan Harwell |

---

## PETITIONER'S PETITION TO TERMINATE SUPERVISED RELEASE PURSUANT TO 18 U.S.C. Sect. 3583(e)(1) And 28 U.S.C. Sect. 994 (o) And Sect. 18 3582(c)(2)

---

### *NATHANIEL PARKER *
Legal Review ReSearch & Studies
703 Christian Street
Cheraw, South Carolina 29520-2223

(610) 441 – 5075

Petitioner Pro Se

Date: JUNE 26 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **NATHANIEL PARKER** <br> Petitioner | United States District Court <br> Criminal No. 00 – 315 - 01 <br> Pennsylvania |
| vs. | |
| **UNITED STATES Of AMERICA** <br> Respondent | United States District Court J. <br> R. Bryan Harwell |

---

### PETITIONER'S PETITION TO TERMINATE SUPERVISED RELEASE PURSUANT TO 18 U.S.C. Sect. 3583(e)(1) And 28 U.S.C. Sect. 994 (o) And Sect. 18 3582(e)(2)

---

**To The Honorable Judge**

**NOW COMES, Petitioner Nathaniel Parker (Pro Se),** who respectfully moves this Honorable Court Pursuant To 18 U.S.C. Sect 3583(e)(1) inter alia in it's request to Terminate Supervised Release. This petition is being submitted because the petitioner has been an outstanding supervisee and would serve as an excellent candidate pursuant to the above authority given the fact of the petitioner has not been a problem while incarcerated for approximately (11) eleven years and while out on supervised release withstanding the fact that petitioner has been released from prison since September 2009 and has been eligible for termination of his supervised release since September of 2010 as stated pursuant to the above provision but had not made application until now.

In making said application requesting the Honorable Court in conjunction with the United States Probation Office to {**Terminate Supervised Release**} pursuant to statutory provision **"18 U.S.C. Sect. 3583(e)(1)"** in the interest of justice the instant petitioner represents the following(s):

## I.  INTRODUCTION TO Sect. 3583 (e)(1):

(e) **Modification of Conditions or Revocation** The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)

(1) Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;.

## I. BACKGROUND

**On December 6, 2000,** a grand jury returned a twenty-count Superseding Indictment, charging Petitioner with: possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 1, 5, and 15); possession with intent to distribute cocaine base within one thousand feet of a school, in violation of 21 U.S.C. § 860(a) (Counts 2, 6, and 16); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Counts 3, 7, and 19); possession with intent to distribute marijuana within one thousand feet of a school, in violation of 21 U.S.C. § 860(a) (Counts 4, 8, and 20); distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 9, 11, and 13); distribution of cocaine base within one thousand feet of a school, in violation of 21 U.S.C. § 860(a) (Counts 10, 12, and 14); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 17); and possession with intent to distribute cocaine within one thousand feet of a school, in violation of 21 U.S.C. § 860(a) (Count 18).

**On December 18, 2000,** following a jury trial, Petitioner was found guilty of Counts 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, and 20. He was found not guilty of Counts 1, 2, 3, and 4. The Government dismissed Counts 9, 10, 11, and 12.

**At a November 28, 2001** hearing, in response to Petitioner's objections, the Government moved to dismiss Counts 5, 7, 13, 15, 17, and 19, and the Court granted the motion.

**On January 3, 2002.** Following a jury trial, Nathaniel Parker was convicted of various drug offenses.

**Now acting (Pro Se),** Parker makes a number of objections to the Presentence Report and moves for downward departure. The Court heard arguments from Parker and the Government at a hearing held on November 28,

4

2001, and granted time for the submission of additional briefs. Sentencing will take place on January 10, 2001. For the following reasons, the Court will overrule Parker's unresolved objections to the Presentence Report and grant a downward departure from the Sentencing Guidelines.

**Parker moves for downward departure based on several factors:**
He argues that the Court should depart because his status as a career offender seriously overrepresents his criminal history. The Court finds that downward departure is appropriate limited to this last ground.

**The Presentence Report identifies Parker as a career offender.** As a career offender, Parker's criminal history category is automatically VI. A career offender's total offense level depends on the statutory maximum for the offense. As noted above, the statutory maximum for Parker's convictions is life imprisonment, which results in an enhanced total offense level of 37. Inmate's career offender status significantly overrepresented his criminal history and the likelihood that he would commit future crimes because his prior drug conviction involved a small quantity and his role was that of a street-level dealer.

### Overrepresentation of Criminal History

The court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit future crimes," it may consider a downward departure from the Sentencing Guidelines on this basis. U.S.S.G. § 4A1.3. Because career offender status results in a higher criminal history category and a higher total offense level than would otherwise be applicable, in departing pursuant to § 4A1.3, a court may reduce both the criminal history category and the total offense level. United States v. Shoupe, 35 F.3d 835, 839 (3d Cir. 1994). The Second Circuit Court of Appeals has held that a decision to depart pursuant to § 4A1.3 should be "based on an individualized consideration of factors." United States v. Mishoe, 241 F.3d 214, 219 (2d Cir. 2001).

5

Consideration of the Mishoe factors in the instant case inexorably leads to the conclusion that Parker's career offender status significantly overrepresents his criminal history and the likelihood that he will commit future crimes. Parker's prior drug conviction involved a small quantity of cocaine and his role has been that of a street-level dealer. Furthermore, Parker served less than half of the sentence imposed for the 1985 robbery and kidnapping, which suggests that this sentence did not provide the deterrent effect contemplated by the career offender statute.

Based on these factors, the Court finds that a criminal history category of VI and a total offense level of 37 does seriously overrepresent Parker's criminal history and the likelihood that he will commit future crimes. For this reason, a downward departure is appropriate. The Court will grant Parker a downward departure of two criminal history category levels and five total offense levels. Consequently, Parker's total offense level will be 32 and his criminal history category will be IV.

Parker further argues that the Presentence Report calculates the statutory penalties incorrectly. The Court finds that these penalties are stated correctly in the Presentence Report. A sentence for a § 860 violation is simply an enhanced § 841 (a) sentence. The penalties for violating 21 U.S.C. § 841 (a)(1) are set out in 21 U.S.C. § 841 (b), and depend on the type and quantity of the drugs involved. Parker was convicted of, among other crimes, possession with intent to distribute more than five grams of cocaine base. The statutory penalty for this offense for first-time offenders is 5 to 40 years imprisonment. For offenders with a prior conviction for a felony drug offense, however, the penalty is 10 years to life imprisonment. Because Parker was convicted on March 16, 1990 of a felony drug offense, he falls into this latter category, and the statutory maximum is life imprisonment, with a mandatory minimum of 10 years imprisonment.

Parker also argues that "cocaine base" as used in the statute means only

6

crack cocaine, not other types of cocaine base. This is the definition used in the Sentencing Guidelines. **U.S.S.G. Sect. 2D1.1, note (D).** Recently, however, the Third Circuit Court of Appeals held that "cocaine base" has a different meaning in **21 U.S.C. Sect. 841(b)** than it has in the Sentencing Guidelines. <u>United States v. Barbosa</u>, **2001 U.S App. LEXIS 24350, No. 00-1205, slip op. at 28-38 (3rd Cir. Nov. 6, 2001).** For purposes of the statute, it need not be shown that the cocaine base is crack. Id. **Therefore,** because Parker was convicted of offenses involving cocaine base, the statutory penalties do not depend on a finding that the cocaine base was crack.

**On January 15, 2002,** the Court sentence Petitioner to **180 months imprisonment on Counts 6, 8, 14, 18 and 20 to run concurrently.**

**On January 22, 2002,** Petitioner filed a notice of appeal. On January 15, 2003, the Third Circuit affirmed. <u>United States v. Parker</u>, **58 Fed. Appx. 886, 2003 U.S. App. LEXIS 1120, at *6 (3d Cir. 2003).** Petitioner filed for rehearing, which was denied on June 24, 2003.

**On March 12, 2008,** Petitioner filed a Motion For Reduction Modification Of An Imposed Term Of Imprisonment Pursuant To **18 U.S.C. Sect. 3582(c)(2) U.S.S.G. Sect. 1B1.10(c) Amendment 706.** The Court granted the Motion on July 23, 2008. Petitioner was released September 2009. **See; attached copy of ORDER**

## I.   CONCLUSION

**Petitioner Nathaniel Parker,** submits that his supervised release should be terminated as petitioned by this, Honorable Court in conjunction with the agreement of the United States Probation Office pursuant to statutory provision **"18 U.S.C. Sect. 3583(e)(1)"** in the interest of justice. The petitioner has been on supervised release since his release from prison September 2009 more than the (1) one year requirement to make application. The petitioner was successful in having his original sentence reduced on July 23, 2008 pursuant to **"Amendment 706"** (as amended by Amendment 711) to the United States Sentencing Guidelines modified the Guideline range applicable to crack cocaine offenses. Pursuant to 18 U.S.C Sect. 3582(c)(2). The 100-to-1 drug quantity ratio created a significant sentencing disparity. The United States Sentencing Commission understood that the previous penalties for the crack form of cocaine base had overstated the harm of crack compared to the powder cocaine, were too broad and applied mostly to low level drug offenders causing their sentences and supervised release to be greater than necessary. It is without doubt that there has been a great injustice done under the prior sentencing scheme involving crack cocaine offenders. Based upon the facts of this information, the petitioner believes that he qualifies as an excellent candidate for the termination of further supervised release.

                                        **Respectfully Submitted,**

                                        Nathaniel Parker
                                        **Legal Review ReSearch & Studies**
                                        **703 Christian Street**
                                        **Cheraw, South Carolina 29520-2223**

                                        (610) 441 – 5075
                                        **Petitioner Pro Se**

Dated: _June 26, 2012_

## CERTIFICATE OF SERVICE

**Petitioner Nathaniel Parker, Pro Se,** hereby state that he has caused an accurate copy of **"Petitioner's Petition To Terminate Supervised Release Pursuant To 18 U.S.C. 3583(e)(1)"** to be served upon the individuals as indicated below, by placing said copies in the United States Postal services 1st class mail On this _26_ day of _June_ 2012.

**THE HONORABLE JUDGE**
**R. Bryan Harwell, USDC Judge**
John L. McMillan Building
United States District Court For
District Of South Carolina
401 West Evans St. 3rd Floor
Florence, South Carolina 29501

**OFFICE OF THE CLERK**
Att: Larry W. Propes, Clerk
John L. McMillan Building
United States Courthouse
401 West Evans St.
Florence, South Carolina 29501

**UNITED STATES ATTORNEY'S OFFICE**
Att: A. Bradley Parham, AUSA
Assistant United States Attorney
Post Office Box 1567
Florence, South Carolina 29503

**UNITED STATES PROBATION OFFICE**
Att: Richard W. Perdue (USPO)
Senior United States Probation Officer
401 W. Evans St. Room # 241
Florence, South Carolina 29501

Respectfully Submitted,

Nathaniel Parker
Legal Review ReSearch & Studies
703 Christian Street
Cheraw, South Carolina 29520-2223

(610) 441 – 5075

Petitioner Pro Se